# In the United States Court of Federal Claims

No. 22-1628
Filed: November 10, 2022

---

**ROBERT L. HILLS,**

                    *Plaintiff*,

**v.**

**THE UNITED STATES,**

                    *Defendant*.

---

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff, Robert L. Hills's ("Mr. Hills") Complaint outlines claims related to his traffic-stop arrest and ensuing adjudication. (Compl., ECF No. 1). Because these claims only implicate local, county, or state officers and departments, the Court dismisses the Complaint for lack of subject-matter jurisdiction. RCFC 12(h)(3).

While driving through Poland, Ohio, police stopped and subsequently arrested Mr. Hills for obstructing official business. *See* Ohio. Rev. Code § 2921.31; (Compl. Ex. 1 at 3, ECF No. 1-1).[1] Mr. Hills claims that the arrest was "racially motivated," and violated "the Privacy Act of 1974," rights and duties owed to him as a self-recognized "American Indian" under 18 U.S.C. § 112, "the Jay Trea[t]y of 1794 article 3," his rights to "Substantive Due Process," and "to drive on [a] public street with freedom from police interference." Mr. Hills also claims that his "pre-trial detention" for "refusing unconstitutional stipulation for probation," in the "Mahoning [C]ounty jail," constituted "[f]alse imprisonment as retaliation" under 42 U.S.C. § 12203 and violated his "constitutional rights." (Compl. at 1–2).

As a threshold matter, the Court exercises an "independent obligation" to determine whether it has subject-matter jurisdiction over the claims asserted in the Complaint. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). RCFC 12(h)(3) provides: "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In its subject-matter jurisdiction review, the Court will treat factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Pro se plaintiffs are held to more lenient standards in drafting their pleading than lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This permissive standard, however, does

---

[1] For the purposes of determining subject-matter jurisdiction over the case, the Court "take[s] as true the facts alleged [in the complaint]." *Catawba Indian Tribe of S.C. v. United States*, 982 F.2d 1564, 1568–69 (Fed. Cir. 1993).

not exempt pro se plaintiffs from the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Court of Federal Claims possesses jurisdiction over alleged violations by the United States that mandate payment of money damages by the Federal Government. 28 U.S.C. § 1491(a)(1). The United States' mandate for money damages can arise from: (1) an express or implied contract with the United States; (2) right for a refund of a payment made to the United States; or (3) a constitutional, statutory, or regulatory provision. *Id*.

The Court of Federal Claims' jurisdiction is limited by the Tucker Act to rendition of money damages only in suits "against the United States." *McGrath v. United States*, 85 Fed. Cl. 769, 771 (2009) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); 28 U.S.C. § 1491(a)(1). Accordingly, RCFC 10(a) requires that all complaints must designate the United States "as the party defendant." However, merely listing the United States in the complaint's caption is not enough to invoke subject-matter jurisdiction. *Garner v. United States*, 85 Fed. Cl. 756, 773 (2009). Instead, the allegations in the complaint must also target conduct by federal entities. *See Barker v. United States*, Case No. 18-1446, 2019 U.S. Claims LEXIS 17 (Jan. 15, 2019) (finding that the Court lacks subject-matter jurisdiction over claims that are mainly targeted at "state and local law enforcement authorities" responsible for plaintiff's arrest).

Here, although the Complaint lists the United States as the defendant, a review of Mr. Hills's allegations makes it abundantly clear that he does not assert any claims "against the United States." 28 U.S.C. § 1491(a)(1). Bereft of even cursory references to any federal entities or officers, the allegations in the Complaint are purely targeted at state and local officials. (*See generally* Compl. (raising allegations against municipal courts of Ohio, the Attorney General of Ohio, and local law enforcement officers)). Accordingly, even if there is any basis to the allegations outlined in Mr. Hills's Complaint, and even if he is entitled to any judicial relief, such relief does not lie with this Court. *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees"); *Cato v. United States*, 141 Fed. Cl. 140, 143 (2018) (finding that the Court "cannot hear plaintiff's claims raised against the State of Texas, the City of Houston, the City of Houston Police Department, and the arresting officer").

Furthermore, nothing in the cornucopia of misplaced claims listed in Mr. Hills's Complaint invokes this Court's jurisdiction. None of the sources of substantive law identified in Mr. Hills's Complaint are enforceable against the United States for money damages. Even if the Poland Police violated Mr. Hills's rights under Ohio law as he alleges, claims founded on state law fall outside of the Court's jurisdiction. *See Souders v. S.C. Pub. Serv. Auth*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the [United States] Court of Federal Claims."). The Court similarly lacks jurisdiction to hear claims arising out of the Privacy Act of 1974. *Bush v. United States*, 627 F. App'x 928, 930 (Fed. Cir. 2016) ("[W]e agree with the CFC's prior holdings that it does not have jurisdiction over claims for Privacy Act violations . . ."); *see also* 5 U.S.C. § 552a. Likewise, the Court cannot review violations of 18 U.S.C. § 112, which criminalizes violent attacks against foreign officials, official guests, and internationally protected persons, because

the Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Mr. Hills's vague references to substantive due process violations are equally outside of the scope of the Tucker Act because the due process clauses of the U.S. Constitution do not provide a substantive right to compensation from the United States. *Leblanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Next, Mr. Hills's blanket reference to Article III of the Jay Treaty does not establish subject-matter jurisdiction.[2] Mr. Hills's Complaint does not concern passage through the Canadian border (the focus of Article III of the Jay Treaty), and that provision, beyond protecting a privilege, makes no reference to an obligation for money-damages by the United States. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (stating the substantive source of law identified by the plaintiff must reference "the right to recover of money damages against the United States," to establish subject-matter jurisdiction); *see also Bey v. Westbury Union Free Sch. Dist.*, Case No. 21-2048, 2022 U.S. Dist. LEXIS 55583 (E.D.N.Y Mar. 28, 2022) (dismissing claims for violation of Article III of the Jay Treaty because the allegations did not involve "passage over the Canadian border or losses that [the plaintiff] sustained during the Revolutionary War"). Furthermore, under 28 U.S.C. § 1502, the Court of Federal Claims cannot exercise jurisdiction over "any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations," unless "otherwise provided by Act of Congress." *See, e.g., Republic of New Morocco v. United States,* 98 Fed. Cl. 463, 468 (2011) (finding that treaties entered into with foreign nations, such as "the Treaty of Peace and Friendship[,] . . . cannot serve as a basis for the court to exercise jurisdiction"); *see also*, *Wood v. United States*, 961 F.2d 195, 199–200 (Fed. Cir. 1992) (finding that although 28 U.S.C. § 1502 is read narrowly, it precludes jurisdiction when "but for the treaty, the plaintiff's claim would not exist").

Finally, Mr. Hills's Complaint also references retaliation claims under 42 U.S.C. § 12203. This section codifies the anti-retaliation provision of the Americans with Disabilities Act ("ADA") and generally prohibits retaliation against an individual who has "opposed any or practice made unlawful by" the ADA—namely, disability discrimination in the provision of public services. *See* The Americans with Disabilities Act of 1990, Pub. L. 101-336, § 503, 42

---

[2] The Treaty of Amity, Commerce and Navigation, with his Britannic Majesty, November 19, 1794, 8 Stat. 116, commonly known as the Jay Treaty, was broadly "designed to discharge the unfulfilled promises of the 1783 Treaty of Peace" that followed the Revolutionary War, "which . . . had sought to protect the land and credit interests of British nationals in America." Henry Paul Monaghan, *Article III and Supranational Judicial Review*, 107 Colum. L. Rev. 833, 852 (2007). The Jay Treaty established a mechanism for British subjects to arbitrate claims concerning losses suffered because of British involvement in the war. *Id*. at 852–54. Article III of this Treaty, which Mr. Hills references in his Complaint, guaranteed free passage "to the Indians dwelling on either side of the . . . boundary line" between the United States and what is now Canada. *See* Jay Treaty, art 3. Article III's guarantee of free passage is codified through section 289 of the Immigration and Naturalization Act at 8 U.S.C. § 1359, enshrining the right of "American Indians born in Canada to pass the borders of the United States." 8 U.S.C. § 1359.

U.S.C. § 12203 (1995). The Court lacks jurisdiction over ADA claims because the ADA is not a money-mandating source of law, and district courts have exclusive jurisdiction over ADA claims. *See Holland v. United States*, 149 Fed. Cl. 543, 555 (2020). Therefore, even if the United States was somehow involved in the incidents described in Mr. Hills's Complaint, because the sources of substantive law identified in the Complaint fall outside of the jurisdictional purview of the Court, the case must still be dismissed for lack of subject-matter jurisdiction.

The Court **GRANTS** Mr. Hills's motion for leave to proceed in forma pauperis, (ECF No. 2). For the stated reasons, Mr. Hills's Complaint is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3). The Clerk **SHALL** enter judgment accordingly.

**IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge